UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAQUELINE YORRO,

                Plaintiff,

-against-

NYS DOC, et al.,

                Defendants.

17-CV-9405 (CM)

ORDER

COLLEEN McMAHON, United States District Judge:

    Plaintiff proceeds *pro se* and *in forma pauperis*. By order dated March 30, 2018, the Court dismissed the complaint for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii), and entered judgment. (ECF 11, 12.) On April 17, 2018, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Second Circuit. (ECF 13.) By Mandate issued October 3, 2018, the Second Circuit dismissed Plaintiff's appeal for failure to pay the appeals fee or submit an application to proceed *in forma pauperis*. (ECF 14.) Plaintiff then filed a motion with the Second Circuit to recall the Mandate and reinstate the appeal. The Second Circuit granted that motion on March 13, 2020. (ECF 15.) By Mandate issued on September 29, 2020, the Second Circuit dismissed the appeal because it "lack[ed] an arguable basis either in law or in fact." (ECF 16) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

    On May 27, 2021, the Court received from Plaintiff a motion for an extension of time to file a notice of appeal. (ECF 17.)

## DISCUSSION

    A notice of appeal must "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B); *The New Phone Co. v. City of New York,* 498 F.3d 127, 131 (2d Cir. 2007) (holding that appellate jurisdiction "depends on whether the intent to appeal from [a]

decision is clear on the face of, or can be inferred from, the notice[ ] of appeal"). Under Fed. R. App. P. 4(a)(1)(A), a notice of appeal in a civil case must be filed within thirty days after entry of judgment. "[T]he taking of an appeal within the prescribed time is mandatory and jurisdictional." *In re WorldCom, Inc.*, 708 F.3d 327, 329 (2d Cir. 2013) (citation and internal quotation marks omitted). The district court may extend the time to file a notice of appeal, however, if a party moves for an extension of time within thirty days of the expiration of the time to file notice of appeal, and if the moving party shows excusable neglect or good cause. *See* Fed. R. App. P. 4(a)(5)(A).

As an initial matter, it is unclear what Plaintiff is appealing. She did not file a notice of appeal with her motion for an extension of time to file an appeal, and her 59-page submission is not the model of clarity. In any event, the Court is without jurisdiction to grant Plaintiff's motion for an extension of time. The Court dismissed this action and entered judgment on March 30, 2018, and Plaintiff did not file the motion for an extension of time to file a notice of appeal until May 27, 2021, more than three years later. Moreover, Plaintiff has already appealed the Court's judgment, and the Court of Appeals dismissed her appeal for lacking an arguable basis in law or fact. The Court therefore denies Plaintiff's motion for an extension of time to file a notice of appeal.

## CONCLUSION

The Court denies Plaintiff's motion for an extension of time to file a notice of appeal. (ECF 17.)

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: July 13, 2021
        New York, New York

                                                    COLLEEN McMAHON
                                                United States District Judge